CONSOLIDATED DELIVERY
& LOGISTICS, INC.,
Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

Nos. 02–1176, 02–1222.

United States Court of Appeals,
District of Columbia Circuit.

Filed: May 16, 2003.

Before EDWARDS, SENTELLE, and
TATEL, Circuit Judges.

### JUDGMENT

PER CURIAM.

Consolidated with No. 02–1222

This cause was considered on a petition for review and cross-application for enforcement of an order of the National Labor Relations Board ("NLRB" or "Board"), and was briefed by counsel. It is

ORDERED AND ADJUDGED that the petition for review is hereby denied, and the Board's cross-application for enforcement is granted. Substantial evidence in the record before the court clearly supports the Board's findings. Consolidated Delivery & Logistics, Inc. ("Consolidated" or "petitioner") violated §§ 8(a)(3) and (1) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(3) and (1), by effectively discharging all of the Company's striking employees and then denying 13 striking employees reinstatement. The Board made specific, well-founded findings that the employees were unlawfully *fired* (not permanently replaced) for engaging in a protected strike for recognition. Petitioner offers nothing on appeal to seriously challenge the Board's finding. The NLRB also found that Consolidated denied reinstatement even though it had not permanently replaced the employees. Again, this finding is supported by substantial evidence. Petitioner's reliance on *Noel Foods v. NLRB*, 82 F.3d 1113 (D.C.Cir.1996), is misplaced, for in that case the court found that the employer had arranged for permanent replacements before the employees were discharged.

We owe deference to the Board's judgment if it is supported by substantial evidence, *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487–88, 71 S.Ct. 456, 95 L.Ed. 456 (1951), reflects reasoned decision making, *Allentown Mack Sales & Serv., Inc. v. NLRB*, 522 U.S. 359, 374–75, 118 S.Ct. 818, 139 L.Ed.2d 797 (1998), and it is not otherwise inconsistent with the law, *NLRB v. United Food & Commercial Workers Union*, 484 U.S. 112, 123, 108 S.Ct. 413, 98 L.Ed.2d 429 (1987). Applying these standards to the record in this case, we find that the Board's judgment clearly survives review. The remedial orders imposed by the Board are therefore fully justified.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.